MADDOX, Justice.
Plaintiff, as administratrix of the Estate of Mark Stevens, her deceased husband, *1015 filed this action for wrongful death, claiming damages for negligence and for wantonness due to her husband’s death on February 2, 1976, in Jackson County, Mississippi, as the result of an automobile accident. Both parties are Alabama residents, and the case was tried in Mobile Circuit Court. The accident happened on Highway 90, just west of the Alabama state line.
Plaintiff gave notice, pursuant to Rule 44.1, A.R.C.P., that she intended to raise an issue concerning the law of the State of Mississippi.
The sole issue presented for review is’ whether the trial court erred in refusing several charges requested by the plaintiff.
“PLAINTIFF’S REQUESTED CHARGE NO. 6
“The Court charges the jury that if you are reasonably satisfied from the evidence in this case that the defendant suddenly and without proper warning brought his motor vehicle to a stop, and there was insufficient time and distance to permit the plaintiff’s deceased to bring his motor vehicle to a stop without running into the rear of the motor vehicle of the defendant, then the defendant was negligent, and if you are further reasonably satisfied that this negligence proximately caused the death of the plaintiff’s deceased, then your verdict should be for the plaintiff.”
“PLAINTIFF’S REQUESTED CHARGE NO. 7
“The Court charges the jury that if the defendant suddenly and without proper warning brought his vehicle to a stop, and there was insufficient time and distance to permit the Plaintiff’s deceased to bring his vehicle to a stop without running into the rear of the vehicle of the defendant, then the defendant was negligent.”
“PLAINTIFF’S REQUESTED CHARGE NO. 8
“If you are reasonably satisfied from the evidence in this case that the defendant driver negligently failed to keep a proper lookout for other motor vehicles also using the street and highway, or if you are reasonably satisfied from the evidence in this case that he negligently failed to continuously give a signal to indicate his intention to stop or to make a left turn, for a reasonable distance before stopping, or if you find that he negligently stopped his motor vehicle too suddenly without allowing sufficient time for the plaintiff’s deceased vehicle behind him to reduce speed and to stop; and if you are reasonably satisfied from the evidence in this case that any one or more of these negligent acts on his part, if you find one, were the sole proximate cause of the collision, you should bring your verdict for the plaintiff.”
“PLAINTIFF’S REQUESTED CHARGE NO. 4
“If a person, without fault of his own, is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, and the fact, if it be a fact, that he does not choose the best or safest way of escaping peril or preventing injury is not necessarily negligence, but the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances.”
“PLAINTIFF’S REQUESTED CHARGE NO. 2
“The duty owed by the defendant to the plaintiff’s deceased was to exercise reasonable care not to injure or damage the plaintiff’s deceased; that is, to exercise such care as a reasonably prudent person would have exercised under the same or similar circumstances.”
The accident occurred on a four-lane, uncontrolled access highway. Each of the parties involved was traveling toward Pas-cagoula, Mississippi. Plaintiff contended that the evidence showed that the defendant missed the entrance to truck scales which he was required to enter, that he then signaled a change to the left lane, changed lanes, that the signal went off, and then, without proper warning, he made a sudden and unexpected stop in the left lane *1016 of a four-lane roadway. Plaintiff further contends that the evidence showed that there was to the defendant’s immediate rear a vehicle which avoided a collision by going to the left into a grass median and almost instantaneously the plaintiff’s deceased slammed into the rear of the trailer which defendant was pulling.
The plaintiff relies almost solely on the testimony of one John Beitzel, who was traveling in the left lane immediately behind the defendant’s trailer, and who avoided a rearend collision with the trailer by swerving to his left and entering the median. There was no direct testimony concerning the distance between the defendant’s vehicle and the plaintiff’s vehicle. Neither was there any testimony regarding the speed at which the plaintiff’s deceased was traveling. Beitzel did testify that he heard the collision a split second after his vehicle left the road. Beitzel further testified that the defendant had brought his vehicle to a sudden stop.
I
The plaintiff argues that requested charges 6, 7 and 8, stated correct principles of law concerning the negligent failure of a driver to signal his intention to stop and should have been given. Plaintiff contends that these charges were taken almost verbatim from a federal case, Box v. Swindle, 306 F.2d 882 (5th Cir. 1962), which construes Mississippi law. It is noted that the charges are not verbatim copies of those given in the Box case. We need not decide whether the difference between the language of these charges is controlling, because in this case, we find that the failure of the trial court to give these charges did not constitute prejudicial error.
We have examined the court’s oral charge and the plaintiff’s requested written charges which were given by the court, and we are of the opinion that the court adequately charged the jury on the issues presented to the jury by the evidence. The court orally instructed the jury as follows:
“The court charges the jury that it is the law of the State of Mississippi that a signal of intention to turn right or left shall be given continuously for a reasonable distance before turning. This is a law relating to the operation of a motor vehicle. It provides that a motorist is not only under a duty to keep a proper lookout for other vehicles using the highway, but also not to turn his vehicle from a direct course upon the highway unless such movement can be made with reasonable safety, and then after giving a proper signal by hand or proper signal mechanically so that the other vehicle will not be affected by such movement.”
At plaintiff’s request, the court also gave the following charge:
“PLAINTIFF’S REQUESTED CHARGE NO. 11
“The Court charges the jury that a motorist is not only under a duty to keep a proper lookout and be on the alert for other vehicles using the highway, is also under a duty not to turn his vehicle from a direct course upon the highway unless such movement can be made with reasonable safety, and then only after giving an appropriate signal by hand, arm or other signal device, in the event that any other vehicle might be affected by such movement.”
We think that the jury in this case was substantially and fairly charged on the law concerning the issues presented by the evidence. We look to the total effect of the entire charge to see if there is reversible error. Alabama Power Company v. Tatum, 293 Ala. 500, 306 So.2d 251 (1975); Rule 51 A.R.C.P.
II
The court did not err in refusing to give plaintiff’s requested charge on the sudden emergency doctrine. That charge has no applicability to the facts of this case. As was stated in Peel v. Gulf Transport Co., 252 Miss. 797, 174 So.2d 377 (1965).
“The doctrine of sudden emergency is not available as a defense of one who is solely or partially to blame for causing *1017 the emergency. It follows that the doctrine is not available as a defense to acts of negligence, originating prior to the sudden emergency and which directly contributed to the cause of the accident.

* * * * * *
“. . . Most accidents happen suddenly, and are sudden emergencies, but the sudden emergency doctrine under the law of negligence is not available as a defense in all negligent actions merely because there is an impending danger at the time of the accident. The doctrine is only available to explain why a party should not be held to the same strict accountability of ordinary care required of a reasonably prudent person acting under ordinary circumstances.”
Cf. Garvin v. Robertson, 289 Ala. 60, 265 So.2d 602 (1972).
The trial court did not err in refusing to give requested charges on “sudden emergency.” See Bateh v. Brown, 293 Ala. 704, 310 So.2d 186 (1976).
Ill
The trial court did not err in refusing to give requested written charge # 2. This particular written charge was substantially and fairly covered by the trial court’s oral charge. Rule 51, A.R.C.P., State Farm Mutual Automobile Insurance Co. v. Humphres, 293 Ala. 413, 304 So.2d 573 (1974).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, ALMON, SHORES and BEAT-TY, JJ., concur.