Plaintiff sued defendant for damages due to injuries he allegedly sustained when their motor vehicles collided. Defendant requested the trial judge to instruct the jury on the "sudden emergency" doctrine of tort law. The trial judge gave the instruction, over objection, and the jury rendered a verdict for the defendant. Plaintiff appeals, claiming the court erred to reversal in giving the "sudden emergency" instruction. We affirm.
This case involves rear end collisions between three vehicles which were each headed north in relatively congested traffic, on 26th Street North in Birmingham (26th Street North is also part of U.S. Highway 31). The first vehicle suffered slight rear damage. The driver of that vehicle is not a party to this action. The second vehicle was driven by the plaintiff and the third by the defendant. *Page 409 
All three drivers stopped at the traffic signal at 34th Avenue North. After the light turned green, they began moving forward. They had proceeded a short distance when the first vehicle stopped. The second vehicle hit the first vehicle and was in turn hit by the third vehicle. The plaintiff claims he suffered back injuries as a result of the accident and sued the defendant driver of the third vehicle.
Plaintiff testified that the first vehicle came to a stop "fairly bluntly"; that he then stopped behind that vehicle; that the third vehicle first hit him, and then pushed his vehicle into the rear end of the first vehicle. Plaintiff also testified that it all happened "simultaneously."
Defendant testified that as he moved through the intersection, he glanced off to the right, and then looked straight ahead and saw the second vehicle make a "sudden stop" in front of him.
The trial judge included the following in his oral charge to the jury:
 "Now, ladies and gentlemen, if a person, a motorist, without fault of his own is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation. And the fact — if it be a fact — that he does not choose the best or safest way of escaping peril or preventing injury, it's not necessarily negligence. But, the standard of care required in an emergency situation is that care which a reasonable and prudent motorist would have exercised under the same or similar circumstances.
 "Back to our first definition, and it's up to you ladies and gentlemen to say from a consideration of all of the evidence in the case whether the adoption of certain sudden emergency is or is not applicable from all the facts as you see and determine them from all of the evidence."
We note, and the parties agree, that the instruction given on the "sudden emergency" doctrine is a correct statement of the law. The sole issue presented by this appeal is whether it was proper to give this charge in this case.
Counsel for the appellant is correct in citing to this Court the rule that one who has by his own conduct brought about the sudden peril may not invoke the benefits of the doctrine.Johnson v. Coker, 281 Ala. 14, 198 So.2d 299 (1967). We recognize this doctrine, but it is equally true that when the evidence presents a question of fact as to whether the defendant contributed to the emergency, the giving of the charge is proper and the jury must determine whether the defendant was faced with a "sudden emergency." We find that the evidence here was sufficient to create a jury question on the matter of whether the defendant, by his own conduct, brought about the sudden emergency. The giving of the instruction was not error. Miller v. Dacovich, 355 So.2d 1109 (Ala. 1978).
The judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.