This is an appeal from a summary judgment entered by the Circuit Court of Calhoun County in favor of defendant, M-Earth of Alabama, Inc., and against plaintiff, Thomas Allen Daugherty. We agree with plaintiff's assertion that the trial court erred in granting summary judgment, and therefore reverse the judgment below.
The suit arises out of a collision between an automobile being driven by Dana Wright Daugherty and a truck being driven by Joseph Thompson, Jr. As a result of the collision, Dana Wright Daugherty suffered multiple fractures, contusions, and lacerations over her entire body, is permanently brain damaged, and has been in a comatose state since the accident.
Thomas Allen Daugherty, individually and as guardian of Dana Wright Daugherty, non compos mentis, filed suit against Joseph Thompson, Jr., Victor Munkus, and M-Earth of Alabama, Inc. M-Earth filed an answer which denied that Joseph Thompson, Jr., was its agent, servant, or employee at the time of the accident, but rather stated that he was an employee of Victor Munkus, who, the answer claims, was an independent contractor doing business with M-Earth. M-Earth then filed a motion for summary judgment. The court found that, based upon the pleadings and depositions filed, there was no genuine issue as to any material fact with regard to M-Earth, and granted its motion for summary judgment. That summary judgment was made final pursuant to Rule 54 (b), A.R.Civ.P. Plaintiff subsequently appealed.
The sole issue presented in this appeal is whether the trial court erred when it granted M-Earth's motion for summary judgment. This Court addressed our standard of review in a summary judgment case in Silk v. Merrill Lynch, Pierce, Fenner Smith, 437 So.2d 112 (Ala. 1983), stating:
 The standard for summary judgment as set forth in Rule 56, Ala.R.Civ.P., has two basic parts: the trial court must *Page 1147 
determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to judgment as a matter of law. Furthermore, this standard is conjunctive. The burden is upon the moving party to clearly show that there is no genuine issue of a material fact, and all reasonable doubts concerning the genuine issue of material fact must be resolved against the moving party. The burden is further increased by the scintilla evidence rule, which requires that summary judgment not be granted if there is a scintilla of evidence supporting the position of the non-movant. [Citations omitted.]
437 So.2d at 114. Thus, M-Earth has the burden of proving that there is not even a scintilla of evidence which supports plaintiff's claim of relief. Whether one is the agent of another is normally a question of fact to be decided by the jury. See National Security Fire Casualty Co. v. Bowen,447 So.2d 133 (Ala. 1983); Oliver v. Taylor, 394 So.2d 945 (Ala. 1981).
On appeal, plaintiff presents this Court with several examples of how it says M-Earth exercised its power of control over Victor Munkus and his driver, Joseph Thompson, Jr.:
 1. M-Earth controlled the manner in which all trucks were operated on the premises of M-Earth of Alabama, Inc. and on one occasion cautioned Munkus concerning the manner in which his truck was being operated on the highways of the State outside the premises of M-Earth of Alabama, Inc.
 2. Performed all loading operations of the type and amount of material to be hauled and weighed each load of said material as it left the premises of M-Earth of Alabama, Inc.
 3. Had the ability to fire or discharge at will the owner of a truck or the driver and to prevent him from coming onto the property of M-Earth of Alabama, Inc.
M-Earth asserts that there is no proof that it controlled the means and agencies by which Munkus or Thompson achieved the work given them. As we stated recently in Cordes v. Wooten,476 So.2d 89 (Ala. 1985): "It is elementary that the test of agency is the right of control, whether exercised or not, and that is a question for the trier of fact if the evidence is in dispute." (Emphasis added.)
Based upon plaintiff's contentions and pertinent Alabama case law, we are of the opinion that plaintiff did offer at least a scintilla of evidence as to the question of agency, requiring that the case be submitted to the jury.
Therefore, the trial court's judgment is reversed, and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.