PER CURIAM.
In the wrongful death action from which this appeal is taken, the jury returned a verdict for the defendant and the trial court entered a judgment on that verdict. The plaintiff argues that the trial court erred in submitting two verdict forms to the jury, in failing to instruct the jury that contributory negligence is not a defense to wantonness, in charging the jury on the sudden emergency doctrine, and in reading § 32-5A-212(a), Ala.Code 1975, to the jury.
As Donna Lynn Patterson was driving north on the West Bypass in Andalusia, she saw an elderly man cross the southbound lane and stand in the center turn lane as she approached him. There were two cars in front of her, and they and she slowed as they approached him. After the two cars in front of her passed him, he continued into the northbound lane. As she saw him resume movement, she braked and swerved right, but was not able to avoid a collision. Patterson’s testimony describing the accident in this manner was corroborated by an *796 eyewitness. The pedestrian, Grady Hare, died of the injuries he suffered in the collision.
Lorena Hare, Grady Hare’s widow, filed an action against Patterson, alleging that Patterson, had negligently operated her automobile and that her negligence had proximately caused the death of Grady Hare. At trial, she amended her complaint to add a second count, alleging wantonness. At the conclusion of its instructions to the jury, the trial court submitted two verdict forms, one by which the jury could find for the plaintiff and award damages, and another by which the jury could find for the defendant. After the court’s charge, Mrs. Hare’s attorney objected to the failure to give one verdict form by which the jury could find for the plaintiff in negligence and another by which the jury could find for the plaintiff in wantonness: “We except to the court’s preparation of the two verdicts because there could be a verdict under Count I or Count II and Count II would not have anything to do with contributory negligence and the jury could easily be confused if it were one [and] the same thing, but I think it would take a finding under each count to keep the charge consonant with what the verdict would be.”
The verdict forms were not misleading, and the court committed no error in submitting them to the jury or in declining to change them in response to the objection just quoted. “The law does not require any particular form in which the verdict must be rendered so long as it responds substantially to the issues raised.” Whitmore v. First City Nat’l Bank of Oxford, 369 So.2d 517, 521 (Ala.1979); Dardess v. SouthTrust Bank of the Quad Cities, 555 So.2d 746 (Ala.1989).
The trial court did not instruct the jury that contributory negligence is not a defense to wantonness, but the plaintiff did not object to that failure. The above-quoted objection in no way called the court’s attention to the omission of an oral charge that contributory negligence is no defense to wantonness; it related simply to the verdict forms. “No party may assign as error ... the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.” Rule 51, Ala.R.Civ.P. We note, moreover, that the court gave the contributory negligence charge in conjunction with the negligence count and gave the wantonness charge separately.
The court’s charge on sudden emergency was justified by the evidence that Mr. Hare started into Patterson’s lane just as the front of her car reached his position, and that, in response, she braked and swerved away from him. Campbell v. Employers Ins. Co. of Ala., 521 So.2d 924 (Ala.1988); Williams v. Worthington, 386 So.2d 408 (Ala.1980).
Finally, Mrs. Hare argues that the trial court erred in reading Ala.Code 1975, § 32-5A-212(a), to the jury: “Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway.” The reading of this rule of the road was clearly supported by the evidence, and the trial court committed no error in that regard.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.