HOUSTON, Justice.
The plaintiffs appeal from a judgment based on a jury verdict for the defendants in a case arising out of a rear end automobile collision. The trial court gave the jury the following charge, to which the plaintiffs objected:
“If a person without fault of his own is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, and the fact, if the jury finds it to be a fact, that he does not choose the best or safest way of escaping peril or preventing injury is not necessarily negligence, but the standard of care required • in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances.”
The facts of this case are substantially the same as the facts in Williams v. Worthington, 386 So.2d 408 (Ala.1980). In Williams, three vehicles were headed in the same direction, each traveling at approximately 30 miles per hour. The first vehicle stopped suddenly; the second vehicle (in which the plaintiffs were riding) stopped suddenly without hitting the first vehicle. The third vehicle, owned by one defendant and driven by the other defendant, who is the agent of the owner, stopped suddenly but not without hitting the second vehicle. In that case, Justice Maddox wrote:
*1260 “Counsel for the appellant is correct in citing to this Court the rule that one who has by his own conduct brought about the sudden peril may not invoke the benefits of the doctrine. Johnson v. Coker, 281 Ala. 14, 198 So.2d 299 (1967). We recognize this doctrine, but it is equally true that when the evidence presents a question of fact as to whether the defendant contributed to the emergency, the giving of the charge is proper and the jury must determine whether the defendant was faced with a ‘sudden emergency.’ We find that the evidence here was sufficient to create a jury question on the matter of whether the defendant, by his own conduct, brought about the sudden emergency. The giving of the instruction was not error. Miller v. Dacovich, 355 So.2d 1109 (Ala.1978).”
386 So.2d at 409.
In the cases cited by the plaintiffs, Friedlander v. Hall, 514 So.2d 914 (Ala.1987), and Jones v. Lyons, 540 So.2d 729 (Ala.1989), there was no evidence of a “sudden stop”; the defendants merely ran into the rear of the plaintiffs’ vehicles, which had been stopped for some time.
In this case, the trial court properly allowed the jury to determine whether the sudden emergency doctrine should be applied. Under the facts, it was “a question for the jury whether an emergency situation exist[ed], whether it was created by one seeking to invoke the rule, and whether or not his conduct under all the circumstances amount[ed] to negligence. Clark v. Farmer, 229 Ala. 596, 159 So. 47 (1937); Birmingham Railway, Light & Power Company v. Fox, [174 Ala. 657, 56 So. 1013 (1911).].” Rollins v. Handley, 403 So.2d 914, 917 (Ala.Civ.App.1980).
We decline the plaintiffs’ request that we abolish the sudden emergency doctrine.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.