The plaintiff appeals from a judgment in favor of the defendants in a lawsuit arising out of an automobile accident in Mobile.
On March 22, 1992, Greg Bettis was travelling west on Springhill Avenue in Mobile, when his motor vehicle was struck from behind by a motor vehicle driven by Alma Jean Thornton. He sustained injury in the collision. Bettis sued Thornton, alleging negligence. He later added Northland Insurance Company, his insurance carrier, as a codefendant, after Thornton testified in deposition that the driver of a third "phantom vehicle" may have caused the accident. Northland Insurance moved for a directed verdict, which the trial court entered. The trial court submitted the claim against Thornton to the jury, orally charging the jury, over Bettis's objection, on the sudden emergency doctrine. The jury returned a verdict for Thornton. Bettis appeals.
Bettis has made no argument here as to the propriety of the directed verdict for Northland and has provided no citations to legal authority suggesting it was improper. Therefore, that issue is not properly before us. Rule 28(a), A.R.App.P.; see, e.g., Kirksey v. Roberts, 613 So.2d 352 (Ala. 1993); Sea CalmShipping Co. v. Cooks, 565 So.2d 212 (Ala. 1990); Stover v.Alabama Farm Bureau Insurance Co., 467 So.2d 251 (Ala. 1985).
The only issue Bettis argues on appeal is that the trial court erred in charging the jury, over his objection, on the sudden emergency doctrine. He says the evidence presented before the trial court did not support a reasonable inference of the existence of a sudden emergency at the time of the accident.
The sudden emergency doctrine is available to explain why in certain situations a person is not held to the strict standard of care required of a reasonably prudent person acting under ordinary circumstances. Stevens v. Floyd, 361 So.2d 1014
(Ala. 1978). "Under that doctrine, a person faced with a sudden emergency calling for quick action is not held to the same correctness of judgment and action that would apply if he had had the time and opportunity to consider fully and choose the best means of escaping peril or preventing injury." DairylandIns. Co. v. Jackson, 566 So.2d 723, 727 (Ala. 1990). For the sudden emergency doctrine to be applicable, there must be a sudden emergency and the sudden emergency must not be the fault of the one seeking to invoke the doctrine. See Friedlander v.Hall, 514 So.2d 914 (Ala. 1987); see, also, Hare v. Patterson,598 So.2d 795 (Ala. 1992); Nall v. Tisdale, 581 So.2d 466
(Ala. 1991); Bennett v. Winquest, 564 So.2d 405 (Ala. 1990);Campbell v. Employers Insurance Co. of Alabama, 521 So.2d 924
(Ala. 1988); McKinney v. Alabama Power Co., 414 So.2d 938
(Ala. 1982); Williams v. Worthington, *Page 258 386 So.2d 408 (Ala. 1980). If the jury has heard evidence from which it could conclude that there was a sudden emergency, then the trial court should charge the jury on the sudden emergency doctrine and let the jury determine whether that doctrine applies. Friedlander v. Hall, supra; Nall v. Tisdale, supra.
While travelling west on Springhill Avenue, Bettis stopped to turn into a McDonald's restaurant. Bettis's vehicle was struck from behind by Thornton's.
Thornton was in the curb lane beside a vehicle driven by Fred W. Killion, Jr., a Mobile lawyer, who witnessed the accident. Killion was in the inside westbound lane of Springhill Avenue and had just passed the intersection where Springhill Avenue comes into Moffatt Road. According to Killion, there were two vehicles in the inside lane of traffic ahead of him — the first vehicle was Bettis's automobile and the second vehicle (the vehicle directly in front of Killion) was the "phantom vehicle." Killion testified that the first of the two vehicles ahead of him changed lanes, went to the curb lane, and was stopping when the vehicle directly in front of him made a maneuver and then immediately, because there was no where else to go, came back into his lane. Killion said he did not think that the driver of the vehicle had room to maneuver in front of Thornton's vehicle, and he said that when the vehicle came back into his lane, he was concerned that he might hit it or that it might hit him. As the driver of that vehicle made the maneuver, Killion recalled, Thornton blew her horn, steered her vehicle to the right, and put on the brakes. Killion stated that he did not know what else Thornton could have done. He testified that he thought Thornton would be able to stop her vehicle before it made contact with Bettis's car, but that it did make contact. Killion describes the contact as follows: "I would say it came up and tapped the rear."
According to Thornton, immediately before the accident no one was in front of her. Then, suddenly, she said, one vehicle crossed into her lane and then a second vehicle came over into the same lane and then "jumped back out." Both maneuvers, she says, were without lights, signals, etc. She testified that the phantom vehicle distracted her from watching what Bettis's vehicle was doing and that when the phantom vehicle maneuvered into her lane, she tried to move out of its path, blew her horn, and hit her brakes.
Bettis testified that he did not see a third vehicle — the so-called "phantom vehicle." In fact, he testified that he did not see what occurred behind him at all — that he did not see the vehicle driven by Thornton, the phantom vehicle, or Killion's vehicle.
Viewing the evidence in the light most favorable to Thornton, as we are required to do under the applicable standard of review, and indulging all reasonable inferences that the jury was free to draw from the evidence, see Mid-ContinentRefrigerator Co. v. Fulton Grocery, Inc., 503 So.2d 1222
(Ala. 1987), we hold that the evidence before the trial court presented a fact question as to the existence of a sudden emergency — as to whether Thornton was faced with a sudden emergency and, if so, whether she caused or contributed to it. The trial court properly charged the jury on the sudden emergency doctrine.
AFFIRMED.
HORNSBY, C.J., and ALMON, INGRAM, and BUTTS, JJ., concur.