[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 916 
This is a wrongful death case.
Joseph Ray Rollins, the fourteen-year-old son of plaintiff Roger Rollins, was killed in an automobile accident on June 21, 1977.
The accident occurred in Baldwin County, Alabama, at an intersection of U.S. Highway 31 and Alabama Highway 181. Both highways are non-limited access highways. Highway 181 is four-laned at the intersection while Highway 31 is two-laned with a turn lane. The intersection is controlled by stop signs on Highway 181.
The evidence showed that at the time of the accident the left lane of Highway 181 was blocked at the intersection by a disabled truck. The truck was loaded with pulpwood. Defendant Handley stated he approached the intersection and stopped behind the disabled truck and at least one other automobile. Upon determining that the traffic in the left lane was stalled, Handley moved into the right lane to proceed through the intersection. There was conflicting testimony as to whether Handley stopped at the stop sign before proceeding into the intersection, but it is uncontroverted that he had moved onto Highway 31 when his automobile was struck from the left by a tractor-trailer truck driven by the defendant LoBianco and owned by the defendant LoBianco Trucking Company, Inc.
The truck was deflected by the impact across Highway 31 and into an automobile which was parked at a roadside fruit stand. The automobile was pushed toward the fruit stand where it struck and killed the plaintiff's son.
The plaintiff brought this action for wrongful death against the defendants in Mobile County Circuit Court. After a two-day trial the jury returned a verdict in favor of the plaintiff against the defendant Handley and awarded damages in the amount of $5,000.
Plaintiff's motion for new trial was denied and the plaintiff appeals.
Plaintiff contends that the trial court erred to reversal in admitting the testimony of the investigating officer that he did not charge Handley with running a stop sign.
Generally evidence that no charge was made against a driver as a result of a traffic accident would be inadmissible in the trial of a civil case arising out of such accident. See, Eggersv. Phillips Hardware Co., 88 So.2d 507 (Fla. 1956); Balls v.Crump, 256 Ala. 512, 56 So.2d 108 (1952). However, where the relevance of the evidence is shown it may be admissible. Here, the officer testified under cross-examination by counsel for defendant LoBianco that defendant Handley admitted to him that he ran the stop sign.
Thereafter, counsel for Handley asked the officer if he charged Handley with running a stop sign. Counsel for LoBianco and plaintiff's counsel objected generally. The trial court allowed the officer's answer as rebuttal to the testimony elicited by counsel for LoBianco.
Where evidence is admissible for some purpose, a trial court will not be put in error for failure to sustain a general objection. Cities Service Oil Co. v. Griffin, 357 So.2d 333
(Ala. 1978); Malone v. Hanna, 275 Ala. 534, 156 So.2d 626
(1963). We consider this evidence admissible to impeach the officer's prior testimony that Handley admitted running the stop sign. In any event, there was no prejudice to plaintiff in view of the verdict. The jury did find that defendant Handley was negligent. When a successful plaintiff appeals, the issues are *Page 917 
limited to the sole question of adequacy of damages. Caudle v.Sears, Roebuck Co., 236 Ala. 37, 182 So. 461 (1938).
We find no merit in plaintiff's contention that the trial court erred in refusing his requested charge concerning the prima facie speed limit in a business district set out in §32-5-91 (b)(5), Code of Alabama (1975). "Business district" is defined by the Code as: "The territory contiguous to a highway when 50 percent or more of the frontage thereon for the distance of 300 feet or more is occupied by buildings in use for business." § 32-1-1 (3), Code of Alabama (1975).
The evidence in the record shows only one business, the fruit stand, within three hundred feet of the intersection. This area was clearly not a "business district" as defined by the statute and the charge was properly refused.
Plaintiff also contends that the trial court erred in refusing his requested charge concerning the prima facie speed limit of fifteen miles per hour when approaching and traversing an intersection where the driver's view is obstructed. §32-5-91 (b)(3), Code of Alabama (1975).
According to the statute, a driver's view is deemed to be obstructed when "at any time during the last 50 feet of his approach to such intersection, he does not have a clear and uninterrupted view to such approach to such intersection and of the traffic upon all of the highways entering such intersection for a distance of 200 feet from such intersection." § 32-5-91
(b)(3), Code of Alabama (1975).
Plaintiff argues that the disabled pulpwood truck created an obstruction which brought the intersection under this statute. There was testimony that a pulpwood truck was stopped in the left turn lane of Highway 181 as defendant LoBianco approached the intersection and as defendant Handley entered the intersection. Plaintiff contends that the pulpwood truck loaded with wood created an obstruction and brought the speed of LoBianco within the limits of the statute. We do not agree. A vehicle stopped at the intersection in a lane of traffic controlled by a stop sign does not comprise an obstruction to an approaching driver's view of all traffic approaching the intersection for a distance of 200 feet within the meaning of the statute. According to the evidence, the Handley vehicle either was already stopped at the intersection as LoBianco approached within fifty feet or was nearing the intersection and failed to stop. LoBianco stated the latter and stated he saw the Handley vehicle as it approached and expected it to stop. There was no evidence that there was any obstruction of LoBianco's view of the approaches to the intersection for a distance of 200 feet within the meaning of the statute.
Plaintiff contends that the trial court erred in refusing to give his requested jury charges concerning the "sudden emergency doctrine." The substance of the sudden emergency doctrine is that a person who is faced with a sudden emergency, not of his own making, will not be held to the same correctness of judgment as if he were faced with normal and ordinary conditions. Birmingham Railway, Light Power Company v. Fox,174 Ala. 657, 56 So. 1013 (1911). It is a question for the jury whether an emergency situation exists, whether it was created by the one seeking to invoke the rule, and whether or not his conduct under all the circumstances amounts to negligence.Clark v. Farmer, 229 Ala. 596, 159 So. 47 (1935); BirminghamRailway, Light Power Company v. Fox, supra.
The instruction given in this case on the sudden emergency doctrine reads as pertinent:
 If a person, without fault of his own, is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, . . . but the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances. *Page 918 
Plaintiff objected to the court's oral charge on sudden emergency with the general objection that there was no evidence to support it. Though we tend to agree that there was little if any reason why it should have been given, we see no injury to plaintiff in giving it. This is so, because the doctrine certainly could not be applied to defendant Handley, and clearly was not. It might be argued that Handley's sudden entry into the intersection presented defendant LoBianco with a sudden emergency. Gleichert v. Stephens, 291 Ala. 347,280 So.2d 776 (1973). However, there was no evidence of negligence thereafter by LoBianco, nor that he was responsible for its happening. According to the undisputed evidence, he had no further control over his truck after the collision except using full brakes. It is undisputed that he did that.
In any event, as we stated, plaintiff's objection was general and did not designate to which defendant the doctrine did or did not apply. We find no material injury to plaintiff in the court's oral charge. Rule 45, ARAP.
The same ruling applies to the requested written charges of plaintiff. The charge given is an approved charge in Alabama Pattern Jury Instructions. APJI, Civil, 28.15. The requested charges only tended to amplify it and failed to designate to which defendant they were to be applied. We find no reversible error in that plaintiff did recover judgment. Wren v.Blackburn, 293 Ala. 393, 304 So.2d 187 (1974).
Plaintiff last complains of error in failure to grant a new trial for inadequacy of damages. He recognizes that the award of damages in a wrongful death action is punitive and a matter solely within the discretion of the jury. However, he contends the controlling case law epitomized by Louisville NashvilleR.R. Co. v. Street, 164 Ala. 155, 51 So. 306 (1909) andCrenshaw v. Ala. Freight, Inc., 287 Ala. 372, 252 So.2d 33
(1971) should be superseded. We disagree on principle and refuse the request for want of authority.
Finding no reversible error, the judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.