In this personal injury and property damage action arising out of an automobile-truck collision, the jury returned a verdict for the defendants/appellees and the trial court rendered judgment thereon. Plaintiffs/appellants appeal from the trial court's denial of their motion for new trial. We affirm.
On May 13, 1979, Rosalie McKinney[1] was driving her car east on U.S. Highway 84 near Avon, Alabama, a small town near Dothan. Her son Mark Lewis McKinney and two other passengers, not parties to this appeal, were also in the car.[2] Preparing to turn into the driveway of her passengers' house, Mrs. McKinney gave a left turn signal, slowed, and stopped to wait for oncoming traffic to clear. She looked in her rearview mirror and saw a car approaching, looked ahead again, and then noticed the car coming around her on the right on the shoulder of the road. She looked back in the rearview mirror and saw the truck driven by defendant Ronald Parker Hyde skidding towards her. Unable to stop, the truck smashed into the back of her car.
The disputed issues at trial were whether Hyde was operating his vehicle in a negligent manner or not and the extent of Mrs. McKinney's and Mark's injuries. On the negligence issue we note initially that proof of an accident and injury is not sufficient to prove negligence. Mobile Press Register, Inc. v.Padgett, 285 Ala. 463, 233 So.2d 472 (1970); Mobile City Lines,Inc. v. *Page 939 Proctor, 272 Ala. 217, 130 So.2d 388 (1961); Marshall DurbinCo., Inc. v. Hartley, 392 So.2d 240 (Ala.Civ.App. 1980). Hyde testified that the car between him and Mrs. McKinney swerved around her so suddenly that he did not have time to stop once he saw her. His wheels locked when he slammed on his brakes, so he could not avoid her on the right as the other car had done.
The Court gave defendants' requested jury instructions pertaining to the sudden emergency doctrine which imposes a standard of care appropriate to the circumstances (see the cases cited infra). The McKinneys contend this was error because the "emergency" was a result of Hyde's inattention or speeding. The conflicting evidence on Hyde's conduct created a jury question. The instructions specified that the doctrine applies only where a person is faced with a sudden emergency "without fault of his own" and that the jury is to decide whether the doctrine applies. Therefore, the giving of the instruction was not error. Williams v. Worthington,386 So.2d 408 (Ala. 1980); Miller v. Dacovich, 355 So.2d 1109 (Ala. 1978); Gleichert v. Stephens, 291 Ala. 347, 280 So.2d 776
(1973); Rollins v. Handley, 403 So.2d 914 (Ala.Civ.App. 1980).
Furthermore, the testimony as to Mrs. McKinney's injuries raised a question for the jury. Two of her doctors testified that her cervical strain from the accident was mild, showed no objective sign of injury, and should not be permanent; that the pain she experienced could also have been caused or contributed to by a pre-existing degenerative joint disease, a prior injury in a similar accident, and job-related stress. Although the damage to her car was uncontroverted, her valuation of the damage was cast into doubt by cross-examination; we do not see fit to reverse and remand the case on this aspect in light of the controversy over Hyde's alleged fault.
On the whole, therefore, this is a case where the presumption in favor of a jury verdict, strengthened by the trial court's denial of a motion for a new trial, compels us to affirm.Goodson v. Elba Baking Co., 408 So.2d 498 (Ala. 1981); Hill v.Cherry, 379 So.2d 590 (Ala. 1980).
The judgment below is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] Subsequent to the accidents, but before trial, Mrs. McKinney married Gary Holmes; however, we shall refer to her as Mrs. McKinney for consistency and clarity.
[2] For the companion case in this matter, see Preston v. AlabamaPower Company, 401 So.2d 107 (Ala.Civ.App. 1981).