BRADLEY, Judge.
Hattie Taylor, appellant, was involved in a multiple car accident on June 19, 1980 on county road 1 in Wilcox County, Alabama. At the time of the accident, Taylor’s automobile was insured by Alabama Farm Bureau Mutual Casualty Insurance Company, appellant.
On the day of the accident, it had been raining and the road was wet. Ms. Taylor proceeded down Bear Creek Hill and came upon several vehicles in the road. She applied her brakes and skidded into the cars, causing a small dent in her car.
After this accident Ms. Taylor sent someone to call the state troopers, and a man was sent to the top of the hill to flag traffic. Thomas McCaskey then drove up to the scene. McCaskey pulled up in the uphill lane so that the downhill lane was clear. As McCaskey pulled around the accident to let Ms. Taylor’s two daughters out at the scene, a Scott Paper Company (appellee) truck driven by a Scott Paper employee, Theodore Powell (appellee) came down the hill. Mr. Powell was heading home from the mill with an empty truck at this time.
Mr. Powell saw a boy flag a truck in front of his truck before he came to the top of the hill. Powell stopped, then pulled around the flagman and the other truck and came down the hill toward the accident scene at about 50-55 miles per hour. At this time Ms. Taylor’s vehicle, along with four other vehicles, was parked in the left lane of the road at the foot of the long, winding road. Mr. McCaskey was parked or slowly moving in the right lane, Mr. Powell’s lane of travel.
When Powell came around the curve, he saw McCaskey’s car, hit his brakes, and the truck began to switch back and forth. Powell again hit his brakes, crossed lanes, and hit Ms. Taylor’s car, along with the other cars. Ms. Taylor was not in her car at this time.
Complaint was filed in this case by Hattie M. Taylor, and Alabama Farm Bureau Mutual Casualty Insurance Company as subrogee of Hattie M. Taylor against Scott Paper Company and Theodore Powell for negligence on March 31, 1981. An answer was filed by defendants on April 29, 1981.
The plaintiffs amended their complaint on May 1, 1981, adding Thomas McCaskey as a defendant. On September 16, 1981 plaintiffs applied for a default against defendant Thomas McCaskey for failure to answer the complaint within thirty days and a default was subsequently entered. McCaskey then answered the complaint and filed a cross-claim against Scott Paper Company. McCaskey also asked that the default be set aside, and it was subsequently set aside.
Trial was had before the court sitting without a jury and judgment was entered in favor of defendants and against plaintiffs. Judgment also was entered in favor of cross-defendants, Scott Paper Company and Theodore Powell, and against cross-plaintiff, Thomas McCaskey. Notice of appeal was filed by plaintiffs, Ms. Taylor and Alabama Farm Bureau Mutual Casualty Insurance Company.
Plaintiffs argue on appeal that the trial court made findings that were unsupported by the evidence which require reversal of its decision. We disagree.
It is well-settled law in Alabama that there is a strong presumption on appeal as to the correctness of a trial court’s findings sitting ore tenus, and those findings will not be disturbed unless they are *880 unsupported by the evidence or found to be clearly erroneous and against the great weight of the evidence. Davis v. Thomaston, 420 So.2d 82 (Ala.1982).
Ms. Taylor contends that Mr. Powell was negligent in operating the Scott Paper truck. In a case analogous to ours, the Alabama Supreme Court upheld a jury verdict for the defendant. McKinney v. Alabama Power Co., 414 So.2d 938 (Ala.1982). The McKinney case was a suit brought against a defendant for negligently operating a vehicle that collided with plaintiffs automobile. Defendant claimed that the car between him and plaintiff swerved around plaintiffs automobile and that defendant did not have time to stop once he saw plaintiff. In short, defendant claimed that the accident was unavoidable and, hence, he was not negligent. The jury agreed. A jury verdict was rendered for defendant and plaintiff appealed. On appeal the Alabama Supreme Court affirmed the jury verdict, which was presumed correct, because the question of whether defendant departed from the standard of care appropriate to the emergency situation was a question for the trier of fact.
In the case at bar, the trial court was the trier of fact, and under the ore tenus rule our review must be to look at the evidence in a light most favorable to the prevailing party and which supports the judgment. Barnes v. Barnhart, 420 So.2d 282 (Ala.Civ.App.1982). As in McKinney, supra, the record in the present case contains evidence to support the court’s finding that in this emergency Mr. Powell did not deviate from a reasonable standard of care due in such a situation. He was on his side of the road and was not exceeding the speed limit. Moreover, he would not have been required to apply his brakes and swerve had Mr. McCaskey not been in his lane of traffic.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J, concur.