This is an appeal from a judgment in favor of the defendant in a personal injury action brought as a result of a rear-end automobile collision. The plaintiff contends that the trial court erred in denying the motion for new trial and that the trial court improperly charged the jury on the sudden emergency doctrine. We reverse.
On January 2, 1985, Amelia Friedlander, accompanied by her 11-year-old daughter Robin, was driving East on Old Shell Road in Mobile, Alabama. Old Shell Road is a two-lane highway and was relatively congested at the time. The driver of the automobile *Page 915 
immediately in front of Mrs. Friedlander intended to make a left turn and brought her vehicle to a stop in order to allow oncoming traffic to clear. Mrs. Friedlander was able to slow her car and come to a complete stop while waiting on the lead car to turn left.
There was one car between Mrs. Friedlander's car and the car being driven by the defendant, Mary Alyce Hall. This car made a right turn in front of Ms. Hall, leaving an unobstructed path between Ms. Hall and Mrs. Friedlander. Ms. Hall testified that at the time it was raining lightly and that she was traveling approximately 30 miles per hour in a 40-mile-per-hour speed zone. Additionally, Ms. Hall stated that she could not see ahead of the vehicle that made the right turn and that because there was sufficient space between the cars, it was not necessary for her to slow down in order to allow the car to complete its right turn. After the vehicle in front of her made the right turn, Ms. Hall said, she was approximately 30 feet behind Mrs. Friedlander; at that point she first saw Mrs. Friedlander stopped in the street. Ms. Hall admitted that, at the time she realized Mrs. Friedlander was stopped in the street, she was going too fast to stop and avoid the collision.
Because she was unable to stop her vehicle or take evasive action, Ms. Hall could not avoid ramming the rear of Mrs. Friedlander's car. Although Ms. Hall was able to slow her car to approximately 15 miles per hour, the impact was of sufficient force to propel Mrs. Friedlander's car into the rear of the vehicle waiting to make a left turn. Repairs to the Friedlander car cost $1852.82.
Amelia and Robin were not immediately taken to a hospital, but were treated at a local hospital emergency room later that same day. There was testimony that Mrs. Friedlander had suffered strains to the cervical and lumbar spines which were related to the accident. Mrs. Friedlander's husband, Jacob, joined in the action, claiming that his wife's personal injuries had caused a change in their marital relationship.
In its oral charge to the jury, the trial court gave the following instruction:
 "I charge you when a person without fault on her part is placed in a position of imminent peril, the law will not hold her guilty of negligence merely because she does not select the very wisest course. An honest mistake of judgment in such a sudden emergency will not of itself constitute negligence, although another course might have been safer or better."
Plaintiff's counsel properly objected to this charge, and after deliberations, the jury returned a verdict in favor of the defendant, Ms. Hall. Mrs. Friedlander appeals from the denial of her motion for new trial, arguing here, as she did below, that the jury verdict was against the great weight and preponderance of the evidence and that the trial court improperly charged the jury on the sudden emergency doctrine.
Mrs. Friedlander does not argue that the instruction given was an incorrect statement of law, but does contend that it was improper for the trial court to give this charge in this case. Although, as a general rule, it is a question for the jury whether an emergency exists, whether it was created by the one seeking to invoke the rule, and whether his conduct under all the circumstances amounts to negligence,Rollins v. Handley, 403 So.2d 914, 917 (Ala.Civ.App. 1980) (citing Clark v. Farmer, 229 Ala. 596,159 So. 47 (1935); Birmingham Ry., Light Power Co. v. Fox,174 Ala. 657, 56 So. 1013 (1911)), there are situations where it would be prejudicial error to instruct a jury as to sudden emergency. Miller v. Dacovich, 355 So.2d 1109 (Ala. 1978).
In order for the sudden emergency doctrine to be applicable, there must be 1) a sudden emergency; and 2) the sudden emergency must not be the fault of the one seeking to invoke the rule. McKinney v. Alabama Power Co.,414 So.2d 938 (Ala. 1982).
There is no evidence that the right turn was made suddenly or that Mrs. Friedlander made a sudden stop in front of Ms. Hall. To the contrary, it is uncontroverted that all of the other drivers were able to maintain control of their vehicles and operate them according to the appropriate rules of the road. When heavily used municipal *Page 916 
streets are involved, more vigilance is required in order to comply with the test of ordinary care under the circumstances. Government Street Lumber Co. v.Ollinger, 18 Ala. App. 518, 94 So. 177 (1922), cert.denied, 208 Ala. 699, 94 So. 922 (1922).
Although Mrs. Friedlander was not waiting at an intersection, we find the language of Glanton v.Huff, 404 So.2d 11 (Ala. 1981), dispositive of this question, and we hold that a motorist operating his vehicle on a municipal street is required to have his vehicle under control so that he does not drive into the rear of a vehicle whose driver has properly and lawfully stopped his vehicle waiting on traffic to clear in order to make a left turn.
From our review of the record, we are unable to detect any evidence to support the contention that this case involved a sudden emergency. There was no unusual or sudden occurrence that a driver on a crowded municipal street should not anticipate or expect in the ordinary course of congested urban travel. Consequently, we are of the opinion that the jury was erroneously instructed on the sudden emergency doctrine.
We are mindful that jury verdicts are presumed to be correct, and that the presumption of correctness is strengthened where the trial court denies a motion for new trial. Guthrie v. McCauley, 376 So.2d 1373 (Ala. 1979). However, having found that the trial court, under the circumstances of this case, committed reversible error by instructing the jury on sudden emergency, we need not address the issue of the trial court's denial of Mrs. Friedlander's motion for new trial on the ground that the verdict was not supported by the evidence.
Therefore, the judgment of the trial court is to be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.