This is an appeal from a judgment entered on a jury verdict in favor of the defendants in a personal injury action brought as a result of two separate automobile collisions in which the car in which plaintiff was riding was struck from the rear. Plaintiff sued both drivers in the same suit, with no apparent objection by either defendant. The plaintiff contends on appeal that the trial court erred in refusing to direct verdicts in her favor; that the trial court improperly charged the jury on the sudden emergency doctrine, the sudden stop statute, and other matters; that the trial court erred in admitting various evidentiary items; that the court erred in refusing to give certain requested jury instructions; and that the trial court erred in not setting aside the verdict as against the weight of the evidence. We reverse and remand.
On October 10, 1984, Mrs. Barbara J. Jones was stopped at the end of a line of cars, waiting to turn left off Old Shell Road in Mobile, Alabama, into the back entrance of the gymnasium at the University of South Alabama. Her car was hit from the *Page 730 
rear by a car driven by defendant Kathleen Ramona Lyons, who was driving in the same direction on Old Shell Road. Ms. Lyons said she was traveling about 20 m.p.h. and was 30 or 40 feet behind the car driven by Mrs. Jones when she saw Mrs. Jones, and that when she saw Mrs. Jones she applied her brakes. She estimates that her car was going 10 m.p.h. when it hit the rear of Mrs. Jones's car. Ms. Lyons testified that the accident happened on a sunny afternoon in "stop and go traffic." The damage to Mrs. Jones's car was approximately $1,500.00.
On December 15, 1984, Mrs. Jones was a passenger in a car driven by her daughter, Tammy Dolbare; their car was stopped in a line of traffic at a traffic signal on Airport Boulevard. The car had been stopped long enough for the plaintiff to unbuckle her seat belt and turn around in the car to retrieve a package in the back seat. Their car was hit from the rear by a vehicle driven by defendant Ormand Patrick Thompson III, who was changing lanes in heavy traffic as he merged onto Airport Boulevard from Highway I-65. He was looking into the rear view mirror. By his own testimony, when he looked forward again traffic had stopped in front of him. He applied his brakes at that time and slid into the rear of Mrs. Dolbare's car. Damage to Thompson's car totaled $1,070.56.
Mrs. Jones was taken to the emergency room of Knollwood Hospital following the first accident. She testified that between the first and second accidents she had headaches and problems with her neck, for which she was treated. She also had a broken toe. After the second accident, she was again treated in the emergency room of Knollwood and was released. According to her testimony, she developed a fear of automobiles and had problems being around groups of people. She was hospitalized on two occasions for physical and psychological problems allegedly related to the accidents, and she consulted several doctors.
In its oral charge to the jury, the trial court gave the following instructions:
 "The other statute is as follows: No person shall stop or suddenly decrease his speed of vehicle without first giving an appropriate sign in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal. That, of course, also comprehend[s] the use of brake lights."
And, further, the trial court charged the jury as follows:
 "I charge you that if a person without fault of his own is faced with a sudden emergency, he is not to be held for the same . . . judgment and action as if he had time and opportunity to fully consider the situation. And if in fact it be a fact that he does not choose the best or safest way of escaping peril or preventing injury is not necessarily negligence, but the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances."
Plaintiff's counsel properly objected to these charges. He called the trial court's attention to the case ofFriedlander v. Hall, 514 So.2d 914 (Ala. 1987), noting that a judgment based on a defendant's verdict in another Mobile court had been reversed by this Court for the giving of the sudden emergency charge in a case very similar to this one. After deliberations, the jury returned a verdict for both defendants.
Mrs. Jones does not argue that the instructions given were incorrect statements of law, but does contend that it was improper for the trial court to give these charges in this case inasmuch as there was no evidence of a sudden stop or a sudden emergency in either accident. On the contrary, it is uncontroverted that in both instances the car in which she was riding was stopped when it was struck, and that all of the other drivers near the plaintiff's vehicle were able to maintain control of their vehicles and operate them according to the appropriate rules of the road.
As we stated in Friedlander v. Hall, supra, at 915;
 "Although, as a general rule, it is a question for the jury whether an emergency exists, whether it was created by the one seeking to invoke the rule, and whether *Page 731 
his conduct under all the circumstances amounts to negligence, Rollins v. Handley, 403 So.2d 914, 917
(Ala.Civ.App. 1980) (citing Clark v. Farmer, 229 Ala. 596, 159 So. 47 (1935); Birmingham Ry., Light Power Co. v. Fox, 174 Ala. 657, 57 So. 1013
(1911)), there are situations where it would be prejudicial error to instruct a jury as to sudden emergency. Miller v. Dacovich, 355 So.2d 1109 (Ala. 1978)."
We held in Friedlander that the giving of the charge on "sudden emergency" was prejudicial error. The defendants were not entitled to such a charge, due to the uncontroverted evidence in the case and the properly presented objections of plaintiff's counsel.
We have carefully reviewed the record and are unable to detect any evidence to support the contention that either accident in this case involved a sudden emergency or a sudden stop. There is no conflicting testimony. According to the uncontroverted evidence, neither the plaintiff in the first accident nor her daughter in the second one came to a sudden stop. In both cases the cars were already stopped, waiting to make a left turn, when they were struck from the rear. Ms. Lyons testified that she was 30 or 40 feet behind Mrs. Jones when she saw Mrs. Jones's car, which was already stopped, and that she hit her brakes. Mr. Thompson testified that he was looking into his rear view mirror, changing lanes, as he moved from I-65 onto Airport Boulevard. When he looked forward again, the traffic was stopped. Mrs. Jones was a passenger in a car stopped in this traffic. Both defendants, Mrs. Jones, Mrs. Dolbare, and Eddie Jones (who, as a passenger with Mrs. Jones, witnessed both accidents) testified that the vehicles were stopped when struck from the rear. There was no evidence at all of any sudden emergency. The lack of attentiveness of the defendants to traffic does not constitute a sudden emergency within the sudden emergency doctrine, because under that doctrine the emergency must not be the fault of the one seeking to invoke the rule. Friedlander v. Hall, supra, at 915 (citingMcKinney v. Alabama Power Co., 414 So.2d 938 (Ala. 1982)).
Jury verdicts are presumed to be correct, and the presumption that they are correct is strengthened when the trial court denies a motion for a new trial. Guthrie v. McCauley,376 So.2d 1373 (Ala. 1979); Trans-South-Rent-A-Car, Inc. v. Wein,378 So.2d 725 (Ala. 1979). We are mindful of this rule in reversing the judgment in this case. However, we have previously held that a motorist operating on a municipal street is required to have his vehicle under control so that he does not drive into the rear of a vehicle whose driver has properly and lawfully stopped his vehicle while waiting on traffic to clear in order to make a left turn. Friedlander v. Hall, supra, at 916 (citingGlanton v. Huff, 404 So.2d 11 (Ala. 1981)); Gribble v. Cox,349 So.2d 1141 (Ala. 1977).
Under the circumstances of this case, the trial court committed reversible error by instructing the jury on the sudden emergency doctrine and the sudden stop statute. Accordingly, we do not address the other alleged errors relating to the admission of certain evidentiary items and the refusal of the trial court to give certain requested charges.
The judgment is due to be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
JONES, ADAMS, HOUSTON and KENNEDY, JJ., concur.