MADDOX, Justice.
This is an appeal from a judgment entered on a jury verdict in favor of the defendant in a personal injury action brought as a result of a rear-end automobile collision. The sole issue is whether the trial court erred in denying the plaintiffs’ motion for a new trial, and more specifically, whether the trial court improperly charged the jury on the “sudden emergency doctrine.”
The accident happened while plaintiff Shirley Bennett, accompanied by her mother, plaintiff Lucille Myers,[1] was traveling in the right eastbound lane of Interstate Highway 20 between Birmingham and An-niston. Mrs. Bennett’s brother, Earcy Myers, was driving his truck in the same lane immediately ahead of her.
Ahead of Mr. Myers’s truck was a car that was following a truck loaded with furniture. It, too, was travelling in the right lane. Behind Bennett’s car was another vehicle, and the defendant, Robert Winquest, was driving a vehicle behind that one. Mr. Winquest was driving his truck with a trailer attached to it; in his truck was a passenger, Arthur Risner.
As Bennett’s brother and the car ahead of him were approaching a bridge, a chair loaded on the truck ahead of them fell onto the right eastbound lane. The chair did not remain on the traveled portion of the roadway. When the driver of the truck realized that a piece of furniture had fallen off his truck, he slowed down and pulled off the roadway. The two vehicles ahead of the plaintiff braked to 20 to 30 miles per hour but did not stop. The plaintiff came to a complete stop in the right lane of the highway. During this sequential slowing down of vehicles in the right lane, the defendant Winquest was traveling at a speed of 60 miles per hour, following a car that was immediately behind plaintiff Bennett’s car. Instead of applying brakes and, likewise, slowing down, the driver of the car immediately ahead of Mr. Winquest’s truck crossed over into the left eastbound lane and passed Bennett’s stopped car. When that car had crossed over into the left lane in order to avoid plaintiff Bennett’s stopped car, the defendant, unable to also cross *406 over into the left lane due to passing traffic on that side and due to his speed, 60 miles per hour, could not stop before he hit plaintiff Bennett’s stopped car.
After exiting her wrecked car, plaintiff Bennett and her mother were taken by ambulance to a hospital, where each of them later complained of neck and back pain.
In his answer to the plaintiffs’ complaint, the defendant denied the plaintiffs’ allegations of negligence and, furthermore, asserted that Mrs. Bennett’s decision to stop in the right lane of the interstate, coupled with the sudden and unexpected lane crossing of the car ahead of him, created a “sudden emergency,” and that he acted properly and prudently under the circumstances existing at that time.
As part of its oral charge to the jury, the trial court gave the following instructions:
“If a person without fault of his own is faced with a sudden emergency, he’s not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation. And the fact, if it be a fact, that he does not choose the best or safest way of escaping peril or preventing injury is not necessarily negligence. But the standard of care required in an emergency situation is that care which a reasonably prudent person would have exercised under the same or similar circumstances. This would not apply for anyone who has wrongfully or voluntarily placed himself in such a dangerous situation.”
Plaintiffs’ counsel objected to this charge and called the trial court’s attention to the cases of Friedlander v. Hall, 514 So.2d 914 (Ala.1987), and Jones v. Lyons, 540 So.2d 729 (Ala.1989), two cases in which this Court ruled that the trial courts erred in charging the juries on the “sudden emergency doctrine,” because the evidence presented before the trial courts in those cases did not support the sudden emergency charge. After deliberations, the jury returned a verdict for the defendant.
In their brief on appeal, the plaintiffs contend that the trial court erred in giving the jury the charge on “sudden emergency,” because, they claim, the evidence presented before the trial court did not support a reasonable inference of the existence of a sudden emergency at the time of the automobile collision. They cite us to the same cases cited to the trial court, Friedlander v. Hall, 514 So.2d 914 (Ala.1987), and Jones v. Lyons, 540 So.2d 729 (Ala.1989).
As this Court stated in Friedlander:
“Although, as a general rule, it is a question for the jury whether an emergency exists, whether it was created by the one seeking to invoke the rule, and whether his conduct under all the circumstances amounts to negligence, Rollins v. Handley, 403 So.2d 914, 917 (Ala.Civ.App.1980) (citing Clark v. Farmer, 229 Ala. 596, 159 So. 47 (1935); Birmingham Ry., Light & Power Co. v. Fox, 174 Ala. 657, 56 So. 1013 (1911)), there are situations where it would be prejudicial error to instruct a jury as to sudden emergency. Miller v. Dacovich, 355 So.2d 1109 (Ala.1978).”
514 So.2d at 915.
This Court has stated many times that jury verdicts are presumed to be correct, and that that presumption is strengthened when the trial court, as in this case, denies a motion for a new trial. See Guthrie v. McCauley, 376 So.2d 1373 (Ala.1979), and TransSouth-Rent-A-Car, Inc. v. Wein, 378 So.2d 725 (Ala.1979). Of course, when the evidence presented before the trial court would not support a reasonable inference of the existence of a “sudden emergency,” then an instruction to the jury on sudden emergency can be reversible error.
As stated before, however, our review of the record convinces us that it was a fact question here. Based on all the facts and circumstances, the jury could have concluded that plaintiff Bennett should not have stopped her car in the travelled portion of the highway when she could have proceeded and that the defendant was faced, as he contended, with a “sudden emergency” when the car in front of him swerved and he realized what he was facing.
*407 The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, SHORES, HOUSTON and STEAGALL, JJ., concur.
JONES and ADAMS, JJ., dissent.

. Both plaintiffs — Bennett and Myers — alleged negligence, and both appealed from the trial court’s judgment. Most of our discussion will refer only to plaintiff Bennett, as she was the one driving the car.