THIGPEN, Judge.
This is a simple negligence case, arising out of an automobile accident which occurred September 9, 1988, in which Fran Phillips sustained damages. After an ore tenus proceeding, the trial court found that Ronald Kent Outlaw (appellee) was confronted with a sudden emergency and was not negligent. State Farm Mutual Auto *1370 mobile Insurance Company, as subrogee of Fran Phillips, appeals.
The issue raised by the appellant is whether the trial court erred in applying the sudden emergency doctrine and in finding that the appellee was not negligent.
The facts are not greatly disputed. Evidence reveals that, at the time of the accident, Phillips was operating her vehicle, which was stationary in a turn lane near the center of Highway 43, a five-lane highway. It is undisputed that it was dark and rainy. Outlaw was driving his vehicle south on Highway 43 when a third vehicle changed lanes in front of him. He applied his brakes and swerved to the left into the lane occupied by Phillips, striking her automobile from the rear. It is undisputed that had Outlaw swerved to the right rather than to the left, he would have avoided any injury or damage to Phillips. The amount of damages was stipulated between the parties and is not an issue.
It is well established that in cases tried ore tenus, there is a presumption of correctness that attaches to the trial court’s findings based on disputed evidence and that those findings will not be disturbed unless they are without supporting evidence or are palpably wrong or manifestly unjust. Gulf Shores, Ltd. v. Powrzanos, 442 So.2d 71 (Ala.1983). Further, the factual findings of a trial court sitting without a jury have the effect of a jury verdict, and the resulting judgment grounded upon such findings will not be disturbed unless plainly erroneous or manifestly unjust. Johnson-Rast & Hays, Inc. v. Cole, 294 Ala. 32, 310 So.2d 885 (1975).
Appellant contends that there was sufficient time for Outlaw to take evasive action in order to avoid striking Phillips’s automobile. Outlaw asserts that he was faced with a sudden emergency caused by the third vehicle’s swerving into his lane of travel, and that that sudden emergency established an independent and intervening act of the third party as the cause of the accident. Appellant further contends that Outlaw cannot seek to invoke the sudden emergency doctrine, contending that Outlaw contributed to creating the emergency.
The two factors required to apply the sudden emergency doctrine are (1) there must be a sudden emergency, and (2) it must not be the fault of the one seeking to invoke the doctrine. Friedlander v. Hall, 514 So.2d 914 (Ala.1987).
Review of the record reveals that Phillips’s own testimony introduced at the trial confirms that the cause of the accident may have been the independent intervening act of a third-party driver, who swerved into the path of Outlaw. She further testified that Outlaw’s decision as to what direction to swerve was “a split decision that he made to the best of his ability at the time.” That evidence alone supports the trial court's finding that Outlaw was confronted with a sudden emergency without fault of his own. See, McKinney v. Alabama Power Co., 414 So.2d 938 (Ala.1982). Accordingly, we cannot say that the trial court erred in applying the sudden emergency doctrine under the facts presented.
Once the trial court established that the sudden emergency doctrine applied to the facts of this case, Outlaw could not be held to the same correctness of judgment and action as if he had had time and opportunity to fully consider the situation. Birmingham Stove & Range Co. v. Vanderford, 217 Ala. 342, 116 So. 334 (1928). Accordingly, appellant’s contention that Outlaw could have avoided the accident by taking another course of action is without merit.
In light of the above and the attendant presumption of correctness accompanying the trial court’s findings of fact and the resulting judgment, we find no error by the trial court. Accordingly, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J„ concur.