ALMON, Justice.
Eva Gray Phillips Burns appeals from a judgment rendered on a jury verdict in favor of the defendants, Robert Nolen Martin and Graben Wood Products, Inc. (“Gra-ben”), in an action for damages that arose out of a motor vehicle accident. The issues presented are: (1) Whether Burns preserved for review her objection to the court’s charge to the jury; and, if so, (2) whether the trial court erred by instructing the jury that it could consider the “sudden emergency” doctrine when determining if Martin’s actions were wanton.
Martin, driving a tractor-trailer loaded with wood chips, collided with Burns’s automobile while she was turning into a driveway. Bums filed a complaint against Martin and his employer, Graben, alleging that Martin’s actions leading to the accident were negligent or wanton. At the conclusion of the evidence, Burns withdrew her allegation of negligence, and asked the *148 court to submit only her wantonness allegation to the jury.
The court held a pre-charge conference before instructing the jury. At that conference, the trial judge stated that he intended to instruct the jury on the sudden emergency doctrine, as requested by the defendants. Burns objected repeatedly, arguing that the sudden emergency doctrine did not apply to wantonness. Her objections were overruled, and Burns asked the court to preserve for the record her exception to its ruling. During his instructions to the jury, the trial judge gave the following instruction:
“If a person without fault of his own, is faced with a sudden emergency, he is not to be held to the same correctness of judgment and action as if he had time and opportunity to fully consider the situation, and the fact, if it be a fact, that he does not choose the best or safest way of escaping peril or preventing injury is not necessarily wantonness. The fact that he is faced with a sudden emergency is a factor for you to consider in determining if the defendants have committed wanton conduct as I have just defined it for you previously in my charge.” [1]
At the conclusion of the court’s charge to the jury, Burns asked the judge to clarify the use of the verdict forms for the jury. The judge agreed to do so, then asked if Burns had any other objections to the charge. Burns’s lawyer responded: “No, judge. Of course, I have already preserved my error on the other.” The jury then deliberated and returned with a verdict in favor of Martin and Graben. Burns subsequently filed a motion for a new trial, arguing, inter alia, that the court had erred by instructing the jury on the sudden emergency doctrine when the only theory of liability to be considered by the jury was wantonness. That motion was denied, and Burns appeals.
Burns argues that wantonness is qualitatively different from negligence. She points out that wantonness requires knowledge or a conscious appreciation on the part of the defendant that his actions, or his failure to act, will likely result in injury. Therefore, she contends, the sudden emergency doctrine does not apply. In addition, she contends that the sudden emergency doctrine is not available to a defendant who, by his own actions, creates the emergency.
In response, Martin and Graben argue that the trial court’s instruction was a correct statement of the law. Alternatively, they argue that if the instruction was erroneous, Burns failed to preserve the error for review by renewing her objection to it at the conclusion of the jury charge. Rule 51, Ala.R.Civ.P. We will address the question of preservation of error first.
In a recent case involving the same procedural question, Orchelle v. CSX Transp., Inc., 574 So.2d 749 (Ala.1990), this Court held that the plaintiff, Orchelle, had preserved his claim of error by clearly stating his objection to the court’s proposed charge during the pre-charge conference, despite the fact that he failed to renew his objection after the charge had been given. 574 So.2d at 751. In Orchelle, the plaintiff objected to the trial court’s refusal to give a jury charge that he had repeatedly requested. This Court held that Orchelle’s earlier objections made his position “abundantly clear” to the trial judge, and that to require him to restate his objection at the conclusion of the jury charge would be “an excess of formality.” Id.
The same analysis must apply to this case. Bums clearly presented her objection to the judge’s proposed instruction on the sudden emergency doctrine at the pre-charge conference. She then requested that her exception to the court’s ruling on that issue be placed in the record. At the conclusion of the jury charge, Bums specifically referred the judge to her earlier argument that the charge was not a correct statement of the law: “Of course, I have already preserved my error on the other.” As in Orchelle, supra, there can be little doubt that the trial court was fully aware *149 of the alleged error. Therefore, the question of whether the court erred by giving the charge on the sudden emergency doctrine has been preserved for our review.
“Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions with a conscious appreciation that from the doing of such act or omission of such duty, an injury will likely or probably result. However, the plaintiff is not required to show that the defendant intended to injure him. Burns v. Moore, 494 So.2d 4 (Ala.1986); Bishop v. Poore, 475 So.2d 486 (Ala.1985); Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716 (1967); Alabama
Pattern Jury Instructions: Civil, 29.00.” Kelley v. Smith, 581 So.2d 1096 (Ala.1991).
The sudden emergency doctrine cannot properly be considered a defense to allegations of negligence; instead, it provides a qualified standard of care by which, in the appropriate circumstances, a party’s conduct can be measured.[2] W. Keeton, D. Dobbs, R. Keeton, D. Owens, Prosser and Keeton on the Law of Torts § 33, at 196-97 (1984); Restatement (Second) of Torts § 296 (1979); Anderson v. Jones, 266 Cal.App.2d 284, 72 Cal.Rptr. 187 (1968). “Under that doctrine, a person faced with a sudden emergency calling for quick action is not held to the same correctness of judgment and action that would apply if he had had the time and opportunity to consider fully and choose the best means of escaping peril or preventing injury.” Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 727 (Ala.1990). The application of the sudden emergency doctrine does not relieve the defendant of his duty to act as a reasonable person, under the same or similar circumstances, would act. Instead, it is a recognition of the difficulties inherent in making accurate judgments during emergencies. Prosser and Keeton, § 33 at 197.
The sudden emergency doctrine is not applicable if the emergency was created by the defendant’s own negligent or otherwise tortious conduct. Friedlander v. Hall, 514 So.2d 914, 915 (Ala.1987); McKinney v. Alabama Power Co., 414 So.2d 938 (Ala.1982); Restatement (Second) of Torts § 296, comment d. (1979). In Friedlander, this Court reversed a judgment rendered on a jury verdict, holding that the court’s instruction on the sudden emergency doctrine was error because the defendant’s actions created the emergency. 514 So.2d at 916.
By submitting Burns’s wantonness claim to the jury, the trial court implicitly recognized that there was substantial evidence to support her allegation that Martin had acted with a conscious appreciation that his actions would likely or probably result in an injury. Bums, supra. In other words, the court implicitly recognized that Martin’s actions helped create the emergency. Therefore, it was logically inconsistent to instruct the jury on the sudden emergency doctrine. That doctrine applies only when the defendant had no part in creating the emergency. Friedlander, supra.
For the reasons set out above, the court’s instruction to the jury on the sudden emergency doctrine was error. The judgment is reversed, and this cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.

. This instruction is substantially the same as Alabama Pattern Jury Instructions: Civil, 28.15. However, the word "negligence,” as used in the pattern jury instruction, was replaced by the word "wantonness,” and the last sentence was changed.

. According to our review of cases from Alabama and other jurisdictions, the sudden emergency doctrine has been applied only in negligence cases. The defendants have not directed this Court’s attention to any cases applying the doctrine where wantonness was the theory of liability.