THIGPEN, Judge.
Alabama Insurance Brokers, Inc. (AIB) contracted with Daniel Baldwin and John Redmond, doing business as Important Product Sales (IPS), to provide certain computer programs and systems for AIB in Mobile, Alabama. After repeated attempts to resolve difficulties with the system, AIB filed suit against IPS, Baldwin, and Redmond (collectively designated as IPS), alleging, inter alia, breach of contract, negligent installation of the computer system, breach of warranty, and fraud. The case was submitted to the jury on the issues of breach of contract, negligence, fraud, and breach of warranty, along with IPS’s counterclaim for unpaid purchases. The jury returned a general verdict in favor of AIB in the amount of $5,123, and in favor of IPS on its counterclaim in the amount of $295. Hence, this appeal.
IPS appeals, contending that the jury’s verdict for AIB is not supported by a preponderance of the evidence. We disagree.
IPS is correct in asserting that a jury verdict is presumed to be correct. See Bennett v. Winquest, 564 So.2d 405 (Ala.1990); however, an appellate court will revise a jury’s verdict if it is convinced by a preponderance of the evidence that the jury’s verdict was palpably wrong and manifestly unjust. Tallant v. Grain Mart, Inc., 432 So.2d 1251 (Ala.1983); Osborn v. Custom Truck Sales & Service, 562 So.2d 243 (Ala.1990).
The evidence here is in great conflict. There was testimony that AIB had been looking for a computer networking program tailored to its insurance business and that IPS assured AIB that it would be “a piece of cake” and they could do it easily. There was evidence that IPS indicated to AIB its uncertainty in designing such a program. The evidence further discloses there were approximately 28 service calls to IPS by AIB in an attempt to resolve problems. There is testimony from AIB employees that the system never worked. IPS contends that the system did work properly and that most of the service calls would have been unnecessary had AIB referred to the manuals supplied.
AIB contends that the system was negligently installed and presented evidence from a computer consultant relative to the faulty computer installation. IPS and Baldwin contend that it was properly installed; nevertheless, after changing the installation and inserting a different computer program, the computer consultant and AIB were able to operate the system. AIB submitted evidence of its costs to make the system operable.
It is undisputed that the parties entered into a contract, and that AIB paid IPS to install a networking system. Whether there was a breach, misrepresentation, or negligence was for the jury to determine. The weight of the evidence, the credibility of the witnesses, and the inferences drawn from the evidence are matters for the jury to determine. Mitchell v. State, 450 So.2d 140 (Ala.Civ.App.1984).
We have thoroughly reviewed the record and find sufficient evidence, which if believed by a jury, would substantiate the verdict and judgment of the trial court. A jury verdict supported by competent evidence will not be set aside on appeal. Brannon v. Webster, 562 So.2d 1337 (Ala.Civ.App.1990). Accordingly, the judgment of the trial court and verdict of the jury are due to be, and hereby are, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J„ concur.