MURDOCK, Justice
(dissenting).
Darryl Clayton cites the “notes on use” to Alabama Pattern Jury Instructions: Civil § 26.14 (2d ed.1993), which state that a mechanical-failure instruction is: “To be used in cases where defendant offers evidence of mechanical failure as a defense to the action.” The jury did have evidence indicating that a mechanical failure must have been the cause of the incident at issue. The incident could only have been the result of one of two occurrences: a mechanical failure of the brakes or a failure by Henderson to properly set those brakes, and Henderson testified that he *289 set the brakes properly.[2] The credibility and weight to be given Henderson’s testimony was a question for the jury.
The evidence that the incident could not be replicated, that William George Henderson had no other problem with the brakes before or after the incident, and that his supervisor’s inspection of the brakes yielded no evidence of a mechanical failure is evidence that weighs against Henderson’s credibility and/or assigning his testimony dispositive weight. I cannot say that the evidence allows for only one conclusion as a matter of law, however. The assignment of credibility and weight therefore remains a task for the jury under the circumstances presented; Henderson was entitled to have a jury decide if it believed him. If the jury could accept his testimony that he properly set the brakes before exiting the truck, then it reasonably and logically could conclude that on the occasion at issue the brakes must have failed within the meaning of the jury instruction given.[3]
I find the cases of Phillips v. Seward, 51 So.3d 1019 (Ala.2010), Friedlander v. Hall, 514 So.2d 914 (Ala.1987), and Jones v. Lyons, 540 So.2d 729 (Ala.1989), relied upon by the main opinion to be inapposite.
Based on the foregoing, I respectfully dissent.

. Henderson further testified that, after the incident, he entered the cab of his truck, found that the brakes were still set, and released them.

. Obviously, it could have been important for the trial court to instruct the jury that it was the jury’s responsibility to decide if there had been a mechanical failure before applying the particular instruction at issue. We are not presented with any argument that such an instruction was missing from the charges given the jury or whether any such omission would make the mechanical-failure charge given misleading.