[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15609
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-03291-AKK

JUSTIN LEE FLYNN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 20, 2013)

Before TJOFLAT, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Justin Flynn sued the United States under the Federal Tort Claims Act, 28

U.S.C. §§ 1346(b), 2671-80, to recover damages for injuries he sustained in a 2009

automobile accident in Hoover, Alabama.  According to Mr. Flynn, the negligence of several agents from Immigration and Customs Enforcement – including Michael Nelson and Stephen Wojcik – caused the accident.  The district court, following a bench trial, found that there was no negligence on the part of Agents Nelson and Wojcik, and that even if there was, Mr. Flynn's own contributory negligence barred recovery under Alabama law.[1]

Mr. Flynn now appeals, arguing that certain of the district court's factual findings on the issue of negligence were clearly erroneous.  Following review of the record and the parties' briefs, we affirm.

Findings of fact cannot be set aside unless they are clearly erroneous.  *See* Fed. R. Civ. P. 52(a)(6).  As a reviewing court, we do not reweigh the evidence, and we cannot reverse simply because we might have decided the case differently. If there are two permissible views of the evidence, the district court's choice between them does not constitute clear error.  *See Anderson v. City of Bessemer*, 470 U.S. 564, 573-74 (1985); *Solomon v. Liberty County Commissioners*, 221 F.3d 1218, 1226-27 (11th Cir. 2000).

The district court did not clearly err in finding that Mr. Flynn was contributorily negligent.  Mr. Flynn alleged that he was forced to swerve to his left

---

[1] Alabama law, which controls in this FTCA case, *see* § 1346(b)(1), generally provides that a party cannot recover if his own negligence proximately caused the injury.  *See generally La Forge North America v. Nord*, 86 So.3d 326, 336 (Ala. 2011).

2

– and as a result crashed into the back of the vehicle driven by Agent Nelson – when Agent Wojcik tried to enter his lane from the right.  Even if Agent Wojcik acted negligently in attempting to change lanes, the district court found that Mr. Flynn contributed to the accident because he was speeding and did not attempt to apply his brakes after he was forced to swerve.  Both of these subsidiary factual findings are supported by the evidence.  First, one of the eye witnesses testified that, in his estimation, Mr. Flynn was driving 50-55 miles per hour, or 5-10 miles above the speed limit.  *See* Tr. Transcript at 212.  Second, Mr. Flynn did not remember braking or reducing his speed after swerving, and there were no tire marks on the road indicating that Mr. Flynn had applied the brakes.  *See id.* at 78, 82, 98.  Third, the police officer who investigated the accident – an officer who was a certified in accident reconstruction – determined that Mr. Flynn was not in control of his vehicle and was at fault for the collision.  *See id.* at 97, 103.

In sum, there is no basis for disturbing the district court's factual findings or judgment.[2]

**AFFIRMED.**

---

[2] Mr. Flynn also argues that the district court erred in finding that the "sudden emergency" doctrine did not apply. Because that doctrine does not help a driver who has lost control of his car and rear-ended a stationary vehicle, *see Freidlander v. Hall*, 514, So.2d 914, 915 (Ala. 1987), we reject this argument given the district court's findings.