[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12149

Non-Argument Calendar

_____

ARACELI ROSENSTAND,
an individual,

Plaintiff-Appellant,

*versus*

ELENA MARIE MULLER,

Defendant-Appellee,

NATIONWIDE INSURANCE COMPANY OF AMERICA,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:22-cv-00053-SGC

_____

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

This case arises out of a car accident involving Appellant Araceli Rosenstand and Appellee Elena Muller, in which a jury found in favor of Muller, the defendant below.  On appeal, Rosenstand challenges the district court's denials of her Fed. R. Civ. P. 50(a) motions for judgment as a matter of law ("JMOL") regarding: (1) her negligence *per se* claim; and (2) the inapplicability of Alabama's "sudden emergency" doctrine.  She also argues that the district court erred by providing a jury charge on Alabama's "sudden emergency" doctrine, and that the jury's verdict was against the great weight of the evidence.  For the reasons stated below, we affirm.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

The undisputed facts in this case are that Rosenstand and Muller were traveling southbound along U.S. Highway 31 in Birmingham, Alabama, when a nonparty vehicle (the "third vehicle") merged onto the highway in front of Rosenstand.  Rosenstand applied her brakes to avoid colliding with the third vehicle, causing

her to come to a complete or near-complete stop on the highway. Muller, who had been driving behind Rosenstand, also braked but nevertheless struck Rosenstand's vehicle from behind. The third vehicle continued driving southbound and did not stop or return to the scene.

Rosenstand initially filed her complaint in an Alabama state court, but Muller removed the case to federal court on diversity-of-citizenship grounds. Rosenstand then amended her complaint and asserted, *inter alia*, a claim of negligence *per se* on the basis that Muller violated Ala. Code § 32-5A-89(a) by failing to maintain a proper distance between their vehicles. Section 32-5A-89(a) requires a driver to leave "at least 20 feet for each 10 miles per hour of speed between the vehicle that he or she is driving and the vehicle that he or she is following." Rosenstand alleged that when she applied her brakes as the third vehicle merged onto the highway in front of her, Muller struck her from behind because she had been following too closely in violation of § 32-5A-89(a). Muller answered and asserted a defense based on Alabama's "sudden emergency" doctrine.

During a pre-trial deposition, Muller described the distance between her and Rosenstand's vehicle and the speed at which they were traveling prior to the collision. She testified that she left approximately "one standard car length" between their vehicles and that she and Rosenstand were traveling around 20 miles per hour. However, at trial, Muller testified that she had left "enough space" between their vehicles prior to the collision. She explained that

based on an experiment that she had conducted the day before the trial, the distance between the vehicles had to be greater than what she had described during her deposition because she recalled observing certain features of the roadway and of Rosenstand's vehicle that would not have been visible if she had not left "enough space" between them.

As to whether the third vehicle created a "sudden emergency," the parties' testimonies conflicted at trial. Rosenstand initially testified that she had "plenty chance to stop" when the third vehicle merged in front of her. Yet, on cross-examination, she stated that the third vehicle had "sudden[ly]" merged into her lane, and she had to "brake hard" to avoid a collision. Muller testified that she considered that area of the highway to be "dangerous" because she had previously "witnessed people pull out in front of people[,]" but she had never seen drivers be forced to come to a complete stop when another vehicle merged in front of them. She maintained that she never saw the third vehicle coming down the on-ramp to enter the highway, but she did consider the third vehicle to be "close" when it finally merged in front of Rosenstand. Muller could no longer recall how fast she and Rosenstand were traveling.

After the parties rested their case, Rosenstand moved for JMOL under Rule 50(a) as to her negligence *per se* claim and the inapplicability of Alabama's "sudden emergency" doctrine. She also objected to the district court providing a jury charge on that doctrine, arguing that it only applied where an "unusual" event

gave rise to the "emergency," and Muller's testimony had established that vehicles commonly merged in front of other vehicles in that area of the roadway.

The district court denied Rosenstand's Rule 50(a) motions and overruled her objection to the jury charge. The court subsequently instructed the jury, in relevant part, that if Muller "was faced with a sudden emergency" that she did not create, "whether [her] conduct [wa]s negligent is determined by how" a reasonable person "would have acted in a similar situation." The jury returned a verdict in Muller's favor.

Thereafter, the court inquired about whether there were any other matters that needed to be addressed, specifically asking, "[a]nything for the plaintiff?" At that point, Rosenstand did not renew her motions for JMOL under 50(b), nor did she move for a new trial. She also never renewed her JMOL motions nor moved for a new trial at any point thereafter. The district court ultimately entered judgment pursuant to the jury's verdict, and this appeal followed.

## II.    DISCUSSION

### A. Rosenstand Forfeited Any Challenge to the Denial of Her Rule 50(a) Motions and to the Verdict.

"We review *de novo* the denial of a motion for [JMOL] under . . . [Rule] 50, viewing the evidence in the light most favorable to the non-moving party." *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 5 F.4th 1235, 1242 (11th Cir. 2021). To preserve an appellate

challenge to the denial of a Rule 50(a) motion, however, a party must renew its motion under Rule 50(b) after the verdict. *See id.* at 1245 (holding that the plaintiff "did not preserve its challenge to the denial of its Rule 50(a) motion" because "it never renewed its motion after the verdict under Rule 50(b)."); *see also Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006) ("the precise subject matter of a party's Rule 50(a) motion . . . cannot be appealed unless that motion is renewed pursuant to Rule 50(b).").

On appeal, Rosenstand argues that the district court erred in denying her Rule 50(a) motions for JMOL, but the record is clear that she failed to preserve those challenges for purposes of appeal. Although she moved under Rule 50(a) based largely on the same arguments that she now asserts on appeal, she "did not preserve [her] challenge to the denial of" the motions because she "never renewed [them] after the verdict under Rule 50(b)." *See St. Louis Condo Ass'n*, 5 F.4th at 1242. Therefore, we are "powerless" to consider those Rule 50(a) rulings. *See Unitherm Food Sys., Inc.*, 546 U.S. at 395.

Rosenstand also argues, for the first time on appeal, that the jury rendered a verdict against "the great weight of the credible evidence presented at trial." However, not only did she fail to request a new trial, which is the form of relief governed by the "great weight" standard, but she never raised any challenges to the jury's verdict altogether. *See Watts v. Great Atl. & Pac Tea Co.*, 842 F.2d 307, 310 (11th Cir. 1988) ("A trial judge may grant a motion for a new trial if he believes the verdict rendered by the jury to be

23-12149                Opinion of the Court                7

contrary to the *great weight* of the evidence." (emphasis added)). Although we may choose to entertain an argument raised for the first time on appeal under five circumstances set forth in *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004), none of those circumstances apply here. Accordingly, we decline to consider Rosenstand's argument, raised for the first time on appeal, that the jury rendered a verdict against the great weight of the evidence.

### B. The "Sudden Emergency" Jury Charge Was Proper.

"We review jury instructions *de novo* to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party" but give the district court "wide discretion as to the style and wording employed." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1285 (11th Cir. 2014) (quotation marks omitted). "We 'reverse only where we are left with a substantial and ineradicable doubt as to whether' the district court properly guided the jury." *Id.* (quoting *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab.*, 739 F.3d 570, 585 (11th Cir. 2013) (internal quotation marks omitted)).

Under Alabama law, the "sudden emergency" doctrine applies where: (1) there is an emergency that is sudden; and (2) the "emergency [is] not . . . the fault of the one seeking to invoke the rule." *Friedlander v. Hall*, 514 So. 2d 914, 915 (Ala. 1987). "[T]here are situations where it would be prejudicial error to instruct a jury as to sudden emergency[,]" but "as a general rule, it is a question

for the jury whether an emergency exists, whether it was created by the one seeking to invoke the rule, and whether h[er] conduct under all the circumstances amounts to negligence[.]" *Id.* (citations omitted). Alabama law is clear that if there is a factual dispute regarding the applicability of the "sudden emergency" doctrine, it is proper to charge the jury on that doctrine. *See Bennett v. Winquest*, 564 So. 2d 405, 406 (Ala. 1990) (affirming the trial court's decision to give the jury charge where a "fact question" existed about whether the situation gave rise to a "sudden emergency"); *Williams v. Worthington*, 386 So. 2d 408, 409 (Ala. 1980) (holding that it is proper to give the charge "when the evidence presents a question of fact as to whether the defendant contributed to the emergency").

On appeal, Rosenstand argues that the district court erred in charging the jury on Alabama's "sudden emergency" doctrine because there was no trial evidence establishing that the doctrine applied. Specifically, she asserts that the third vehicle's actions were foreseeable and thus did not create a "sudden emergency," and any such emergency that existed arose due to Muller's own conduct in following too closely, rendering a jury charge on the "sudden emergency" doctrine inappropriate. Muller responds that the trial evidence created a question of fact as to whether the third vehicle, when it merged in front of Rosenstand and caused Rosenstand to come to a complete or near complete stop on the highway, created a "sudden emergency" that Muller herself did not create. After reviewing the record, we are not left "with a substantial and ineradicable doubt as to whether" the district court committed prejudicial

23-12149              Opinion of the Court                    9

error by giving the "sudden emergency" jury charge. *See Bhogaita*, 765 F.3d at 1285.

Although the parties' testimonies conflicted about whether the third vehicle created a "sudden emergency," and about whether Muller caused or contributed to that emergency, the presence of factual disputes concerning those issues rendered the jury charge appropriate. *See Friedlander*, 514 So. 2d at 915. Regarding whether a "sudden emergency" existed in the first instance, Rosenstand testified that she had "plenty chance to stop" when the third vehicle merged in front of her, but then she testified that the third vehicle "sudden[ly]" merged into her lane, and that she had to "brake hard" to avoid a collision. Further, while Muller may have previously "witnessed people pull out in front of people" on the highway, she testified that unlike the circumstances giving rise to the instant collision, she had never seen drivers be forced to come to a complete stop when another vehicle merged into their lane. Thus, while Rosenstand's testimony alone created a question of fact as to whether the third vehicle created a "sudden emergency," Muller's conflicting account of the incident also supported the jury instruction. *See Bennett*, 564 So. 2d at 406.

Because we are not left with a "substantial and ineradicable doubt" about whether the district court misled the jury by providing a charge on Alabama's "sudden emergency" doctrine, we affirm the district court's decision to instruct the jury on the doctrine. *See Bhogaita*, 765 F.3d at 1285.

10                    Opinion of the Court                    23-12149

### III.    CONCLUSION

For the reasons outlined above, we **AFFIRM** the district court's judgment.